————o————

JOHN BROOKS, Defendant in Error, *vs.* G. S. DUCKWORTH, Adm'r, etc., Plaintiff in Error.

1. *Probate court—Amendment of judgment of allowance in County Court—Entry nunc pro tunc.*—Where jurisdiction of a claim for allowance is transferred from a County to a Probate Court, the latter may amend the judgment of the former, by an entry *nunc pro tunc*, showing the giving or waiver of notice of the claim; and to that end it may hear testimony ; and in the absence of proof to the contrary, it will be presumed that the action of the court was based upon legitimate and sufficient evidence

*Error to Dent Circuit Court.*

*E. T. Wingo,* for Plaintiff in Error.

I. A judgment or order of allowance of a demand against an estate, where there has been no notice to the administrator, and where notice has not been waived in open court, may be set aside at any time. (Bryan vs. Mundy, 14 Mo., 458.)

II. Both the Probate and the Circuit Courts erred in permitting parol testimony to prove the action of the County Court when said demand was allowed; the action of the court can be proved only by its records. (Milan vs. Pemberton, 12 Mo., 598.)

III. An entry *nunc pro tunc* can be made only by the court that tried the cause, or acted in relation to the matter in dispute. (Saxton v. Smith, 50 Mo., 490.)

*Ewing & Smith, with A. J. Seay,* for Defendant in Error.

I. A court may always at subsequent terms correct misprisions of its clerk, so as to conform the record to the truth, and enter judgments *nunc pro tunc.* (Turner, Ex'r, vs. Christy, 50 Mo., 145 ; Brewster vs. Dinwiddie, 25 Mo., 352 ; Stacker vs. Cooper, Ct. Ct., *Id.*, 402 ; Gibson vs. Chouteau's Heirs, 45 Mo., 171 ; Scruggs vs. Scruggs, 46 Mo., 271.)

II. The Probate Court was virtually the same as the County Court ; the jurisdiction was the same, and a change in the name of the tribunal would make no difference.

SHERWOOD, Judge, delivered the opinion of the court.

In 1866 the plaintiff, Brooks, had a claim probated in the County Court of Dent County, against the estate of S. Dougherty, deceased. Six years thereafter the administrator *de bonis non* filed his motion in the Probate Court of that county, (probate jurisdiction having been transferred from the County Court to that court) to set aside the judgment of allowance, on the grounds that it had been rendered without any notice to the administrator and without his waiving notice,

and that the record of the allowance of the claim did not recite that any notice was given. Pending the consideration of this motion, the claimant also made one praying the entry of an amended order of allowance with an entry *nunc pro tunc* showing that notice was given. The former motion was overruled and the latter prevailed; and an entry as prayed for was made.

This entry which embraces and precedes the entry *nunc pro tunc*, among others, contains the recital, that the matters pertaining to the motion were "submitted to the court on testimony and argument." What that testimony was we are left to conjecture. It may have consisted of memoranda gleaned from the minutes or docket of the court.

The administrator appealed to the Circuit Court, where the plaintiff introduced the *nunc pro tunc* entry already referred to, and parol evidence also, showing that notice was in fact given; to the introduction of all which matters the defendant objected, on the ground that the acts of the County Court could not be proved by parol evidence, but could be established alone by its records.

The defendant introduced no testimony showing that notice was not given, but contented himself with the introduction of the original order of allowance, which did not in any manner recite that notice had been either given or waived. The Circuit Court affirmed the judgment of the Probate Court, and entered judgment against him, as if he were acting in an individual instead of a fiduciary capacity.

There are three ways by which notice is served on an administrator or such service is waived: First, by serving him with a copy of the notice "containing," etc. Second, by his appearing in court and waiving the service of such notice. Third, by his waiving service by writing. (Wagn. Stat., 104, §§ 15, 17.)

It is obvious that it would be more in accordance with technical precision, that in cases of this sort the record should recite notice given or notice waived; but it is equally obvious, that those to whom are committed the exercise of

functions pertaining to probate jurisdiction, are, for the most part unconversant with those rules and forms, a better observance of which would oftentimes prevent much subsequent embarrassment.

The case of Bryan vs. Mundy's Adm'r, (14 Mo., 459,) is confidently relied on by defendant as being in point, because of upholding the doctrine that a judgment of a similar nature to the one under discussion may be set aside on parol proof of no notice. What the form of that judgment was we are not informed, nor the reasons which were urged for its being set aside. The doctrine of that case has been very often doubted, and it would perhaps be scarcely held for law at this time.

The decision, however, in that case it is not necessary to overrule in order to decide the one at bar correctly; for the judgment of the Circuit Court may be upheld upon either of the following hypothesis: First. That the Probate Court had no control over the judgments of the County Court and could not, therefore, set them aside. Second. That having such control, it had full power and authority upon proper evidence, and something of record whereby to amend, to make the entry which it saw fit to have entered; because it cannot with any show of reason be urged, that the Probate Court could, as the successor and transferree, as it were, of the powers and jurisdiction of the County Court, set aside and vacate the judgments of the latter, and still at the same time be powerless to make in furtherance of justice and upon suitable evidence, entries conformable to the actual facts. And we will not assume, in the absence of aught in the record to the contrary, that the action of the Probate Court was based upon any other than evidence of a perfectly legitimate and sufficient character.

But we are not prepared to admit, that, even if the original entry of the judgment of allowance stood alone upon the records of the County Court, unsupported in any way by the subsequent action of the Probate Court, the motion of the defendant ought to have prevailed. Although there is

a conflict, or seeming conflict of authority on the point, yet
the better opinion seems to be, that where the jurisdiction of
a court of limited jurisdiction once attaches, the same liberal
intendments arise as to its future acts, and the same favorable
presumptions are to be indulged in reference thereto as though
it were a court of general jurisdiction. A court of limited
is not necessarily a court of inferior jurisdiction. Upon the
presentation of the demand of the plaintiff to the County
Court for allowance, the jurisdiction of that court at once at-
tached to pass on the validity of the demand and the evidence
offered in its support, as well as all other questions having a
necessary connection with the matter to be adjudicated ; and
that jurisdiction could not lapse by mere irregularity in the
mode of its exercise. This view is fully in accordance with
the following authorities. (Girguder's Lessee vs. Aster, 2
How., [W. S.] 319 ; Long vs. Burnett, 13 Iowa, 28 ; Small vs.
Hempstead, 7 Mo., 373 ; Ellis vs. Jones, 51 Mo., 180.)

For these reasons the judgment of the court below will be
affirmed ; but this affirmance will only extend to the usual
judgment against an administrator ; the residue of the judg-
ment which authorizes the issuance of an execution against
him, will be reversed. Judge Vories absent ; the other
judges concur.