VOSLER, *Surviving Partner*, v. BROCK, *Executor*.

1. **Probate Court**: LIMITATIONS.  In a proceeding by a creditor against an estate to subject its lands to the payment of an allowance in his favor, the fact that such allowance was made by the court rebuts any presumption arising from the evidence that the demand was not presented within the statutory time.

2. **Executor**: SALE OF LANDS TO PAY DEBTS.  An executor cannot resist an order of sale of land to pay an allowance against the estate, for the reason that no legal notice was given of the presentation of the demand, when the record of the probate court recites that due proof of such notice was given,

3. **Executor, Removal of from State.**  Where one of two executors removes from the state and thereby becomes disqualified to act, and the probate court treats the other as the sole testamentary representative, this will discharge the non-resident executor without a formal entry to that effect.

4. **Sale of Land to Pay Debts**: PAROL EVIDENCE.  When the record of the probate court shows the regular allowance of a demand against an estate, and the order of sale, and there is no personal property to satisfy the debt, such order of sale, on appeal to the circuit court, cannot be defeated by parol evidence affecting the propriety of the allowance.

*Appeal from Cass Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

*Wooldridge & Daniel* for appellants.

(1)  The constable had no power out of the county in which he was elected and resided to serve notice on the executors. And, further, to render such service good, when made by an officer qualified to make it, each of the executors should have been served with a copy. There was no affidavit of the service. R. S., sections 199, 654, and 2843.  (2)  Even if the executors had been legally notified of the presentation of the demand, they were notified to appear at Pleasant Hill, and

not at Harrisonville, where said claim was allowed. Laws of 1867, p. 87, sec. 11.    (3) The court erred in receiving in evidence the instrument purporting to be a note executed by the testator without proof of its execution. R. S., sec. 3654.    Also in admitting evidence of witnesses, Terrell and Wheeler, to contradict and impeach defendant executor on a collateral and irrelevant matter. *McKern v. Calvert,* 59 Mo. 243 ; 1 Greenl. Ev., sec. 455. The promises of the executor to pay were not competent to bind the estate.    *Leaper et al. v. McGuire,* 57 Mo. 360.    (4) The court erred in ordering that one only of the executors proceed to sell, the letters of the one who had become non-resident never having been revoked. R. S., sec. 10 ; *State ex rel. v. Rucker,* 59 Mo. 17 ; *State ex rel. v. Green,* 65 Mo. 328.

*W. J. Terrell* for respondent.

(1) The common pleas court of Cass county, in which said demand was allowed, was a court of record, and had exclusive original jurisdiction in all matters pertaining to demands against estates of decedents, and its judgments are conclusive in all collateral proceedings, until set aside.    See session acts 1867, p. 86, sec. 4 ; *Johnson v. Beazley,* 65 Mo. 250, 254 ; *Sims v. Gray,* 66 Mo. 613, 616 ; *Julian v. Ward,* 69 Mo. 153 ; *Henry v. McKerlie,* 78 Mo. 416.    (2) Service by constable is presumed to have been within his county unless positively and clearly proven to have been elsewhere, and there is only hearsay to the contrary.    The gist of the matter is the receiving of a copy of demand with notice of presentation.    Sec. 5, G. S., p. 202.    (3) The note and allowance indorsed thereon was legal evidence, the execution of the note having been established by the judgment of the common pleas court.    It was also a paper identified by endorsement of the clerk of said common pleas court in said cause, and competent, therefore, as evidence.    *Hickman v. Griffin,* 6 Mo. 37 ; *North v. Walker,*

66 Mo. 453.   (4) The case was tried by the court and the
judgment should not be reversed, there being evidence
to support the finding.    *Blumenthal v. Torrent,* 40 Mo.
159 ; *Ewing v. Gass,* 41 Mo. 492 ; *Snyder v. Burnham,*
77 Mo. 52.   (5) The common pleas court had power to
transfer the cause.   The action of the probate court, in
finding the fact that appellant was duly notified of peti-
tion of sale of real estate, and that said former co-
executor, S. E. Brock, was a non-resident of the state,
and making order of sale against appellant, was in effect
a revocation of the letters of said S. E. Brock.   It was
in the court having jurisdiction.   *State ex rel v. Rucker
et al.,* 59 Mo. 24.   (6) Again, the question was not raised
below.   No motion in arrest of judgment was made, and
if the judgment of the circuit court be defective it is not
prejudicial to the rights of appellant, and this court
should render the proper judgment here.   No statute of
limitation bars relief.   *Ranney v. Thomas et al.,* 45 Mo.
111 ; *North v. Walker,* 66 Mo. 460 ; *North v. Walker,* 2
Mo. App. 174 ; *Bray v. Seligman,* 75 Mo. 40.

DeArmond, C.—Davis and Vosler, having obtained
the allowance of a demand against the estate of John
Brock, deceased, then, in 1871, in the hands of John C.
Brock and S. E. Brock, executors of said deceased, in
1877 petitioned the probate court of Cass county, having
charge of said estate, for an order for the sale of certain
real estate of the deceased to pay their allowed demand.
After many continuances and delays the order of sale
was made, and defendant, John C. Brock, as the only
acting executor, said S. E. Brock having long before re-
moved from the state and acquired a residence in another
state, appealed to the circuit court, and, the action of the
probate court being affirmed, he appealed to this court.
The executor resisted the order on the ground that the
allowance to Davis & Co. was made without notice to the
executors of presentation of the demand, and because
the demand was presented to the common pleas court at

Pleasant Hill, and the cause thence transferred to Harrisonville, without the knowledge or consent of the executors, and the allowance made at Harrisonville without jurisdiction. Also, that the demand was not allowed or exhibited within the statutory period within which demands against the estates of deceased persons must be exhibited. Evidence was introduced by each party on the question of notice. Appellant objected to much of that introduced by the plaintiff, and urges his objection here. Davis died since the cause reached this court, and the action was revived in the name of Gilbert Vosler, as surviving partner, plaintiff.

I. There is nothing in the record to show when, if at all, notice was given by the executors of their taking charge and beginning the settlement of the estate of their testator; so the question of limitations does not arise. Even if it appeared *prima facie* that the claim was not exhibited in time, its allowance by the court would rebut the presumption.

II. The court had jurisdiction of the subject-matter. Its records recite: "Now come the plaintiffs aforesaid by their agents, and file in court proof that defendants had been duly notified of the presentation of said plaintiffs' demand, and this cause is continued until the November term of this court, A. D., 1871." Also, the following appears as entered of record November 8, 1871, in the proceedings of said court at Harrisonville: "Now come the plaintiffs aforesaid and again present their demand for allowance against said estate, they having heretofore, to-wit: on the 11th day of August, 1871, filed their demand and also filed proof that defendants had been duly notified that plaintiffs would present their demand," etc. Acts 1867, p. 87. Upon this record as to notice, the allowance may well stand. Much less would be sufficient to support it. *Brooks v. Duckworth*, 59 Mo. 48.

III. The one executor having removed from the state, the court treated the other as the sole testamentary

representative of the deceased, and thus, in effect, discharged the one who became disqualified by non-residence (*State ex rel. v. Rucker*, 59 Mo. 17), although no formal entry to that effect appears. "Acts done which pre-suppose the existence of other acts to make them legally operative, are presumptive proof of the latter." *Johnson v. Beasley*, 65 Mo. 250.

IV. In this view it is not important whether incompetent evidence was or was not admitted on the question of notice, or no notice, of the presentation of plaintiff's demand. The record shows the demand was regularly allowed, and the order of sale (there being no personal property of the estate out of which to satisfy the judgment), would naturally follow. It could not be stayed by parol evidence tending to show that there never should have been such judgment of allowance. In *Brooks v. Duckworth*, *supra*, the allowance, much less formal than the one in this case, was declared safe against a direct and timely attack upon it. But even if the evidence to which the defendant objects were excluded, that then remaining, if competent for the purpose, would not be sufficient to nullify the judgment of allowance, to satisfy which plaintiff asked for the sale of the real estate of the deceased.

The judgment should be affirmed. All concur.